DOUGHER *v.* STATE

[No. 61, September Term, 1964.]

*Decided November 12, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-
MOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Theodore Losin* for the appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for the appellee.

PER CURIAM.

The only point raised on this appeal is whether evidence admitted was obtained as a result of an illegal search and seizure. The testimony was that Sergeant Main obtained a statement from a codefendant, Clarence Feit, that he and the appellant had decided to steal a mink coat from the apartment of a Miss Clark; that he stole the coat and a radio and took them to Dougher's room, until they could arrange to sell them. Feit took the officers to Dougher's room; they asked: "Do you mind if we come in and talk to you?", to which Dougher replied, "Not at all; come right in". They told him about the stolen coat and he said: "It's right there in the closet." He admitted that he knew it was stolen. He took the coat from the closet and gave it to the officers, along with the radio and a ring he had bought from Feit.

Dougher took the stand and admitted letting the officers in and telling them the coat was in his closet, when the officers knocked on his door. He had been drinking; he had a past record; he was "scared"; that was why he gave them the stolen articles. None of these facts, if they be facts, would take the case out of the pattern of entry by consent. See *Gross v. State,* 235 Md. 429, 443, and cases cited, including *Armwood v. State,* 229 Md. 565, 569. No search was necessary in the instant case. *Dailey v. State,* 234 Md. 325, is distinguishable, for there the officers were trespassers, and opened the door with a key.

*Judgment affirmed.*